ALD-118                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1059
_____

IN RE:  CONCETTA JACKSON,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2-07-cr-00040-002)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 22, 2016

Before:  AMBRO, SHWARTZ and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 28, 2016)
_____

OPINION[*]
_____

PER CURIAM

    Concetta Jackson has filed a petition for a writ of mandamus directing the District

Court to rule on a motion pending in her criminal case.  We will deny the petition.

    Jackson is serving a federal sentence of 300 months in prison imposed for her

conviction, by guilty plea, of using a minor to produce visual depictions of sexually

explicit conduct.  Jackson's victims included her four children, and her criminal judgment

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

includes a provision prohibiting her from having any contact with them.

As part of her plea agreement, Jackson waived the right to appeal or collaterally challenge her sentence except in limited circumstances. She nevertheless filed a direct appeal and a motion under 28 U.S.C. § 2255. We enforced the waiver in affirming on direct appeal, and the District Court enforced the waiver in denying her § 2255 motion.

Jackson later filed two motions to vacate the "no contact" provision of her judgment. The District Court denied those motions, and we affirmed the District Court's conclusions "that Jackson waived any challenge to her sentence and that her challenge is meritless." United States v. Jackson, 549 F. App'x 117, 118 (3d Cir. 2014) (per curiam). Jackson has filed with the District Court another motion seeking to vacate the "no contact" provision, this time seeking to "correct" that purportedly illegal provision of her sentence under Fed. R. Crim. P. 35(a). The District Court docketed that motion on August 19, 2015, and it remains pending.

Jackson now has filed a petition seeking a writ of mandamus directing the District Court to rule on that motion. Mandamus is an extraordinary remedy that we may grant only when, inter alia, the petitioner has a "clear and indisputable" right to relief and we are satisfied that "the writ is appropriate under the circumstances." In re Pressman-Gutman Co., 459 F.3d 383, 399 (3d Cir. 2006) (quotation marks omitted). Mandamus may be appropriate to compel a District Court to act when a delay in ruling is tantamount to a denial of due process. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). The delay in this case has not reached that level, however, and any concerns in that regard are

further limited because the District Court already has denied the relief that Jackson requests and we already have affirmed its ruling. Nevertheless, and without expressing any opinion on the merits of Jackson's new motion, we are confident that the District Court will rule on it in due course. We will deny Jackson's petition because mandamus is not warranted under these circumstances.